**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ISRAEL SOLANO,**
                  **Plaintiff,**

**-vs-**                                                        **Case No. 6:06-cv-1173-Orl-18KRS**

**AMERICAN DIVERSIFIED SERVICES**
**CORPORATION,**
**HOMER HARDEN,**
                  **Defendants.**

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 27)** |
| **FILED:** | **June 15, 2007** |

Plaintiff Israel Solano filed a three-count complaint against Defendants American Diversified Services Corporation and Homer Harden alleging violations of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and breach of an employment contract. Doc. No. 1. Because the defendants have not responded to the complaint, at Solano's request, the Clerk of Court entered a default as to each of them. Doc. No. 16.

After twice moving for extensions of time to move for default judgment, and then failing so to move, Solano was ordered to show cause why the complaint should not be dismissed for failure to prosecute. Doc. No. 23. Solano filed a response to the order to show cause and filed a

motion for default judgment. Doc. Nos. 24, 25. The affidavit submitted in support of the motion for default judgment was unsigned and unverified. Despite representations by counsel that a corrected affidavit would be filed, no affidavit was filed for approximately two weeks. Accordingly, the motion was denied without prejudice to reassertion based on appropriate evidence. Doc. No. 26. Solano timely filed the present motion for default judgment. Doc. No. 27.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

The affidavit submitted in support of the present motion for default judgment is internally inconsistent and insufficient to establish Solano's entitlement to damages. For example, Solano avers that "[d]uring the period beginning January 25, 2006 through June 15, 2006 I worked an average of 63 hours per week for American Diversified Services [but] was compensated at a rate less than the minimum wage." Doc. No. 27-3 (Solano Aff.) ¶ 3. However, he seeks compensation for straight time worked during this period for only 30 hours. *Id*. ¶ 5. Under his overtime claim, Solano avers that he worked 23 hours of overtime during the twenty week period. *Id*. ¶ 6.

If Solano worked 63 hours per week, he is entitled to minimum wage for 40 hours and overtime compensation for 23 hours. If Solano only worked 30 hours per week, he is entitled to the minimum wage for those hours, but no overtime compensation. Furthermore, if Solano received any compensation for his work, he is only entitled to the difference between the amount actually received and the amount he should have received under the law. Therefore, Solano must provide evidence regarding the hours he actually worked and any compensation received.

Based on the foregoing, Plaintiff's Renewed Motion for Entry of Default Judgment, doc. no. 27, is **DENIED without prejudice**. Solano shall have until August 10, 2007, to file a renewed motion for default judgment supported by an affidavit that has been reviewed by counsel for consistency (and, of course, truthfulness). To the extent that Solano revises any of the information provided in his original affidavit, he shall explain the basis for the revision and why the information was not accurately recited originally. Solano also shall file a renewed memorandum that analyzes why the averments in the affidavit are sufficient to establish entitlement to the damages claimed. Failure timely to file the renewed motion, or to support a renewed motion with

appropriate evidence, will result in a recommendation that the case be dismissed for failure to prosecute and for violation of a Court order. Fed. R. Civ. P. 16(f), Local Rule 3.10.

**DONE** and **ORDERED** in Orlando, Florida on July 27, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties