### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ISRAEL SOLANO,**

$\qquad$ **Plaintiff,**

**-vs-** $\qquad\qquad\qquad\qquad\qquad\qquad$ **Case No.  6:06-cv-1173-Orl-18KRS**

**AMERICAN DIVERSIFIED SERVICES
CORPORATION,
HOMER HARDEN,**

$\qquad$ **Defendants.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 33)** |
| **FILED:** | **September 18, 2007** |

## I.  PROCEDURAL HISTORY.

On August 4, 2006, Plaintiff Israel Solano filed a complaint against American Diversified Services Corporation (American) and Homer Harden alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*., and, as to American only, breach of an employment contract.  Doc. No. 1.

The complaint was served on Harden on August 8, 2006, and on American on August 22, 2006. Doc. Nos. 4, 7. The defendants did not timely respond to the complaint. Thereafter, at Solano's request, the Clerk of Court entered a default against American and Harden. Doc. No. 9.

On October 31, 2006, Solano moved to set aside the Clerk's default against the defendants. Doc. No. 10. Solano's counsel explained that he was contacted by counsel for the defendants, who requested an extension of time to respond to Solano's complaint and asked that Solano's counsel contact defendants' counsel before filing a motion for default. *Id.* Solano's counsel agreed to the request but inadvertently filed a motion for Clerk's default before contacting the defendants' counsel. *Id.* The Court granted Solano's motion and set aside the default. Doc. No. 11.

Thereafter, the defendants did not file an answer to the complaint. Accordingly, Solano again moved for the entry of a Clerk's default, which was entered on December 19, 2006. Doc. No. 16.

Thereafter, Solano filed the present motion for default judgment[1] against American and Harden.[2] Doc. No. 33. In support of his motion, he filed the following documents:

- Affidavit of Israel Solano, doc. no. 33-2 (Solano Aff.), and

- Affidavit of Attorney's Fees and Costs by K.E. Pantas, doc. no. 33-3 (Pantas Aff.).

---

[1] Solano previously filed two other motions for default judgment. His first motion was denied because Solano's affidavit in support of the motion was unsigned and unverified. Doc. No. 26. His amended motion was denied because it was internally inconsistent and insufficient to establish Solano's entitlement to damages. Doc. No. 28.

[2] In his motion, Solano indicates that he has elected to pursue a claim for minimum wage under Florida law in state court. Doc. No. 33 at 3. Additionally, Solano does not include any argument about his breach of contract claim. Accordingly, I recommend that the Court determine that Solano has abandoned these causes of action.

## II.     STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence

to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

III.    **ALLEGATIONS OF THE COMPLAINT.**

Solano was employed by American, an auto transportation company, from January 25, 2006, to June 15, 2006, at American's location in Orlando, Florida.  Doc. No. 1 ¶¶ 4, 5.  American is an employer as defined in the FLSA, and Solano was engaged in commerce as defined in the FLSA.  *Id.* ¶¶ 5, 6.  Harden was the owner and/or officer of American.  *Id.* ¶ 8.  Harden was substantially in control of the terms and conditions of Harden's work.  *Id.* ¶ 9.

In Count II, Solano alleges that he "worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed." *Id.* ¶ 14.  This violation was willful. *Id.*

In Count III, Solano alleges that "the parties entered into an oral employment agreement whereby the Defendant American Diversified Services Corporation agreed to compensate the Plaintiff $6.40 per hour for all hours worked." *Id.* ¶ 16.

IV.     **ANALYSIS.**

    A.     *Liability.*

        1.     <u>FLSA Overtime Compensation Claim</u>.

To prevail on his FLSA overtime claim, Solano must establish the following:

First, that he was employed by American during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that American failed to pay the overtime compensation required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

By failing to answer the complaint, American admits that it employed Solano during the relevant time period.  It admits that it was an employer and was required to comply with the FLSA.  It also admits that it failed to pay overtime compensation as required by the FLSA.  This is sufficient to establish that American is liable to pay Solano the overtime compensation he is owed for his work.

        2.     <u>Joint and Several Liability</u>.

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).  "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'"  *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By failing to answer the complaint, Harden admits that he was an owner and/or officer of American, and was substantially in control of the terms and conditions of Solano's work. Accordingly, Harden is jointly and severally liable with American for overtime compensation due under the FLSA but unpaid.

B.    *Damages.*

Solano relies on his affidavit to establish the compensation due under the FLSA.  It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  In this case, the defendants have not answered the complaint. Thus, I find that Solano's affidavit is sufficient evidence to show the amount and extent of the work he performed, and provides an adequate basis for calculating his damages.

1.    <u>FLSA Overtime Claim</u>.

Under the FLSA, Solano is entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty during a work week. *See* 29 U.S.C. § 207(a)(1).  By failing to answer the complaint, American admits that it agreed to compensate Solano at a rate of $6.40 per hour.

Solano avers that from January 25, 2006 to June 15, 2006, approximately 20 weeks, he worked approximately 23 hours of overtime per week. Solano Aff. ¶ 3.  He seeks payment for those overtime hours at one-half his regular rate of pay, $3.20 per hour, which is the overtime premium due for the

overtime work assuming that Solano was paid his regular hourly rate for all hours worked.  *Id.* ¶ 4; Doc. No. 33 at 4.

As Solano worked 23 hours of overtime a week for 20 weeks, he worked a total of 460 hours of overtime for which he was not paid the overtime premium.  This results in Solano being entitled to unpaid overtime compensation in the total amount of $1,472.00.[3]

2.  <u>Liquidated Damages</u>.

By failing to answer the complaint, American and Harden admit that they acted willfully in failing to pay Solano the statutorily required overtime compensation.  When, as here, the defendants have not presented a defense that their failure to pay overtime compensation was in good faith, the court must also require the employers to pay liquidated damages in an additional amount equal to "the amount of . . . [the employee's] unpaid . . . compensation."  29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).  Accordingly, American and Harden are liable to pay Solano the amount of unpaid minimum wages and overtime compensation owed to him, $1,472.00, as liquidated damages.

C.  *Attorneys' Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).

Here, Solano seeks $2,850.00 in fees for the services provided by his attorneys in connection with this case, plus $402.00 in costs.  Pantas Aff. at 2.

---

[3] This figure is computed by multiplying the number of hours of overtime worked (460) by the overtime compensation rate ($3.20).

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the

party submits inadequate documentation, the district court may reduce the amount of the award.  *See id*.

        1.    <u>Reasonable Hourly Rate</u>.

K. E. Pantas avers that he has been licensed to practice law in Florida since 1993.  He has over twelve years of litigation experience and has practiced exclusively in the area of employment law since 2000.  He seeks a rate of $300.00 per hour.  Pantas Aff. ¶ 4.

Pantas avers that Charles L. Scalise, Esq., has been licensed to practice law in Florida since 1988, and has over eighteen years of litigation experience, including eight years of employment law litigation.  Solano seeks an hourly rate of $300.00 for Scalise's work.  Pantas Aff. ¶ 5.

In support of these rates, Pantas cites *Mary Coon v. The Palm Motel, Inc.*, No. 6:06-cv-47-Orl-28DAB, asserting that the Court approved the rate of $300.00 per hour for an attorney with similar experience and expertise.  Pantas Aff. ¶ 5.  However, this case does not support the rates requested. *Mary Coon v. The Palm Motel, Inc.* involved a settlement in which the defendants did not object to the amount of attorney's fees sought by Attorney Scalise.  No. 6:06-cv-47-Orl-28DAB, doc. no. 30. The Court found, only that the attorneys' fees sought were not unreasonable.  Thus, I do not find this case to be persuasive in the present context.

Moreover, I note that the quality of legal work in this case does not reflect the skill and experience one would reasonably expect for attorneys' whose reasonable hourly rates are $300.00 per hour.  As noted above, two default judgment motions were denied because they were insufficient to establish entitlement to judgment.

In other FLSA cases, this Court has previously determined that a reasonable rate for Pantas and Scalise's services, considering the Orlando legal market, is $250.00 per hour.  *See, e.g., Reyes v.*

*Falling Star Ent., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, *3 (M.D. Fla. Oct.12, 2006). Accordingly, considering the Orlando legal market, the quality of work in the present case, and awards in similar cases, an hourly rate of $250.00 for work performed by Pantas and Scalise is appropriate in the absence of objection.

      2.   <u>Reasonable Number of Hours</u>.

Solano submitted a detailed time statement indicating the work performed by Pantas and Scalise in this case.  Pantas Aff. at 2-3.

The time statement reflects that Scalise worked 0.70 hours seeking the original default and then seeking to have it set aside.  *See* entries dated 10/13/06; 10/19/06; 10/19/06; 11/1/06.  In the motion to set aside the default, Scalise acknowledged that he had requested the default in error.  An opposing party is not reasonably charged for work performed in error.  *See Brother v. Miami Hotel Inv., Ltd.*, 341 F. Supp. 2d 1230, 1238 (S.D. Fla. 2004).  Therefore, I recommend that 0.70 hours be deducted from the time Scalise worked in this case.

In all other respects, I find, in the absence of objection, that the hours worked were reasonable.

      3.   <u>Lodestar</u>.

Based on these recommendations, the lodestar attorneys' fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|----------|-------------|-------|-------|
| K. E. Pantas | $250.00 | 4.6 | $1,150.00 |
| Charles Scalise | $250.00 | 4.2 | $1,050.00 |
| Total Award: | | | $2,200.00 |

4.     <u>Costs</u>.

Solano seeks costs in the amount of $402.00 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($52.00). Pantas Aff. ¶ 6. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001). Accordingly, Solano is entitled to an award of costs from the defendants in the amount requested.

## V.     RECOMMENDATION.

For the foregoing reasons, I recommend that Plaintiff's Renewed Motion for Entry of Default Judgment, doc. no. 33, be **GRANTED in part and DENIED in part**. I recommend that the Court enter a default judgment against American Diversified Services Corporation and Homer Harden on Israel Solano's FLSA overtime compensation claim and order the defendants, jointly and severally, to pay Solano damages in the amount of $2,944.00 (including liquidated damages), $2,200.00 in attorneys' fees, and $402.00 in costs. I further recommend that the Court **DISMISS** Counts I and III

of the complaint.  Finally, I recommend that the Court direct the Clerk to issue a judgment consistent

with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on November 21, 2007.


*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy